## Sayre Creamery and Cold Storage Co. *v.* Theoharous, Appellant.

Argued November 21, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Rodney A. Mercur,* for appellant.—The proof must follow the allegations: Pumeroy v. Bruce, 13 S. & R. 186; Kehres v. Stuempfle, 288 Pa. 534; Franklin Sugar Refining Co. v. Eiseman, 290 Pa. 486; Watkins v. Moore, 192 Pa. 211; Cambria Car & Foundry Co. v. Coal Co., 5 D. & C. 254.

*J. Roy Lilley,* and with him *Wm. P. Wilson,* for appellee.

OPINION BY GAWTHROP, J., March 1, 1929:

This is an action of assumpsit brought against M. Theoharous and T. Theoharous, trading as "The Chocolate Shop." The plaintiff averred in its statement of claim that on or about January 25, 1922, it loaned the defendants $3,000 and took therefor a note for that amount, payable on demand, which note "has since been lost or mislaid and the plaintiff is unable to furnish a copy thereof;" and that the defendants also owed the plaintiff a balance of $900.52 on a book account for goods sold and delivered.

M. Theoharous filed an affidavit of defense, in which he averred that no person but himself had any interest in the place of business known as "The Chocolate Shop." He admitted that on or about January 25, 1922, he borrowed the sum of $3,000 from the plaintiff and gave it a note for that amount, but averred that the principal of the note, with interest, had been paid, and that the note was returned to him by the plaintiff in August, 1925, when the last payment on the same was made. He admitted also that he owed the

plaintiff $529.24 on the book account, but denied liability for any sum beyond that amount.

At the trial the defendant, M. Theoharous, called by the plaintiff on cross-examination, admitted that he borrowed $3,000 from the plaintiff on or about January 25, 1922, and that he gave it a note for that amount. He produced the note, which was a joint note, signed by himself and S. A. Coconis and N. Coconis as makers and promising to pay $3,000 in four installments of $750 each. The only questions at issue at the trial were whether the note had been paid in full by the defendant, and whether he owed more than he admitted on the book account. At the close of the testimony the plaintiff moved to amend the record by striking out the words "and T. Theoharous, co-partners, trading as 'The Chocolate Shop,'" so that the suit should be and remain as against M. Theoharous as an individual. Counsel for the defendant raised no objection and the court allowed the amendment. The jury found for the plaintiff in the full amount of its claim, and the defendant has brought this appeal.

Counsel for the appellant states the questions involved thus: 1. Whether the judgment can be sustained on account of the great variance between the plaintiff's statement of claim and the testimony offered by plaintiff. 2. Whether the charge of the trial judge as a whole tended to mislead the jury and had a tendency to establish one side of the case only.

To the question whether there was a variance between the plaintiff's allegations and its proofs, it is sufficient answer to say that it was not raised in the court below at the trial, nor on the motion for a new trial, and is not raised by any assignment of error, the first six of which are to the admission of the testimony of certain witnesses, and the seventh to the charge of the court. Although it appears in the case that the note sued upon was a joint note and the recovery was against a single defendant, the then coun-

sel for the defendant tried the case on the theory that the note was what the defendant said it was, his individual obligation. The case was presented to the jury by the trial judge on that theory and when he asked at the end of the charge whether there was anything further that either side desired him to say to the jury, counsel made no request. In the circumstances we are not disposed to look beyond the assignments of error and reverse for a reason not suggested by any of them. We have no doubt that if the able counsel who represents the defendant in this appeal had been present at the trial he would have made a record which would have left us no other course than to reverse the judgment on this ground, but on the record as made we feel justified in refusing to prolong the litigation. We are satisfied that the judgment is based on a verdict fully warranted by the evidence, and that the same result would, and ought to, follow a re-trial.

The second question is raised by the seventh assignment of error, which is grounded on a general exception to the charge. After reading the entire record we are of one mind that the charge was not only free from reversible error, but fully and impartially presented the issues to the jury.

The judgment is affirmed.